IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Tena R. Turman,<br>     Plaintiff,<br>  vs.<br>Carolyn W. Colvin,<br>Commissioner of Social Security,[1]<br>     Defendant. | Civil Action No. 6:13-1593-JMC-KFM<br>**REPORT OF MAGISTRATE JUDGE** |

    This case is before the court for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) DSC, concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[2]

    The plaintiff brought this action pursuant to Sections 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits under Title II of the Social Security Act.

    The plaintiff filed an application for disability insurance benefits on July 26, 2010. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff requested a hearing. The administrative law judge ("ALJ"), before whom the plaintiff and an impartial vocational expert appeared in a video hearing on September 12, 2012, considered the case *de novo* and on October 24, 2012, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended. The ALJ's finding became the final decision of the Commissioner of Social Security when the Appeals Council denied review on April 12, 2013.

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed.R.Civ.P. 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this case.

[2] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

The plaintiff filed this action for judicial review on June 11, 2013. On January 6, 2014, the plaintiff filed a brief in support of her case. On February 21, 2014, the Commissioner filed a motion to remand (doc. 23) pursuant to sentence four of 42 U.S.C. § 405(g), which provides that the court has power to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commissioner states in the motion for remand that further administrative action is warranted in this case as the Appeals Council considered additional medical evidence submitted by the plaintiff, but incorrectly stated that a treating physician's opinion did not pertain to the time period prior to the ALJ's decision. The ALJ's unfavorable determination on the plaintiff's application relied in part on the purported absence of medical source opinions in the plaintiff's favor. Accordingly, if the court grants the motion, the agency's Appeals Council will remand the case to an ALJ with instructions to:

> • provide the plaintiff with the opportunity to submit additional evidence and attend a hearing;
>
> • re-evaluate the plaintiff's mental impairments pursuant to the special technique set forth in 20 C.F.R. § 404.1520a;
>
> • reconsider the plaintiff's residual functional capacity, and in so doing, re-evaluate the medical opinion evidence from the plaintiff's treating source;
>
> • re-evaluate the evidence of the plaintiff's past relevant work at step four of the sequential evaluation process, comparing the physical and mental demands of the plaintiff's past relevant work with her maximum residual functional capacity assessment;
>
> • seek supplemental vocational expert testimony, if necessary, to determine whether there are a significant number of jobs, in the national economy that the plaintiff could perform; and

2

• issue a new decision.

(Doc. 23-1, m. to remand at p. 2). The plaintiff's counsel informed the defendant's counsel that the plaintiff consents to remand on this basis (*id.*).

For the foregoing reasons, it is recommended that the district court grant the Commissioner's motion to remand (doc. 23), the Commissioner's decision be reversed, and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action as set forth above.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

February 27, 2014
Greenville, South Carolina